ORDER
Mary Williams, who suffers from schi-zoaffective disorder **, was fired from Macon Resources, Inc., after she exhibited threatening behavior toward staff after her discharge. She sued Macon for disability discrimination among other things. A magistrate judge, presiding by consent, understood her complaint to raise a claim under the Americans with Disabilities Act, and granted summary judgment in favor of Macon. The court found: 1) that Williams had failed to establish that her medical condition limited her from any major life activities; 2) that even if Macon perceived her as disabled, she had failed to offer any evidence to rebut Macon’s otherwise legitimate reason for discharging her — that Macon considered her dangerous; and 3) that she offered no evidence that similarly-situated, non-disabled employees were treated more favorably.
On appeal, Williams narrates her account of the termination and makes a generalized assertion of discrimination, but she fails to identify any error in the magistrate judge’s reasoning or articulate any basis for disturbing the judgment. She cites no legal authority and makes no reference to the record. A litigant is required to supply “ ‘an argument consisting of more than a generalized assertion of error, with citations to supporting authority.’” Haxhiu v. Mukasey, 519 F.3d 685, 691 (7th Cir.2008)(quoting Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001)); see Fed. R.App. P. 28(a)(9)(A). And although we construe pro se filings liberally, we are unable to ascertain a cogent argument in William’s brief. See Anderson, 241 F.3d at 545.
DISMISSED.

 “Schizoaffective disorder is a condition in which a person experiences a combination of schizophrenia symptoms — such as hallucinations or delusions — and of mood disorder symptoms, such as mania or depression.” (Mayo Clinic Definition of Schizoaffective Disorder, http://www.mayocli nic.com/health/schizoaffective-disor-der/DS00866 (last visited January 28, 2010)).